IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YOCCIO I. ACOSTA,<br>Reg. No. 73486-280,<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | EP-15-CV-227-DCG |
| STATE OF TEXAS,<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Yoccio I. Acosta challenges his state-court convictions for burglary of a habitation and assault with family violence through a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Acosta claims he is actually innocent and his counsel provided constitutionally ineffective assistance. After reviewing Acosta's petition and response to the Court's order to show cause, the Court concludes that his petition is untimely and that he is not entitled to equitable tolling. The Court will accordingly deny his petition. It will additionally deny him a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

On September 16, 2010, Acosta pleaded guilty and true in Criminal District Court No 1 of El Paso County, Texas, to burglary of a habitation in cause number 20100D03951; delivery of a simulated controlled substance in cause number 20100D05731; a violation of conditions of his community supervision by possessing marijuana in cause number 20060D01825; and assault with family violence in cause number 20100D00927. The state trial court sentenced Acosta to separate, three-year terms of imprisonment for the burglary of a habitation, possession of marijuana charge, and assault convictions, and to six months' confinement for the delivery of a simulated controlled substance conviction, all to run concurrently. Acosta's counsel later

claimed he "obtained an advantageous recommendation from the State by negotiating a 'package deal.'"[1] Acosta did not appeal.

In multiple state applications for a writ of habeas corpus, Acosta alleged:

> his trial counsel rendered ineffective assistance because counsel labored under a conflict of interest when he represented Applicant in these cases, and put the interests of other clients above those of Applicant. Applicant also alleges that counsel was aware that in each case (with the exception of the revocation) that Applicant either had valid defenses to the charges, or that the State had insufficient evidence to prove the charges. However, Applicant alleges that counsel convinced Applicant to plead guilty to the charges with the threat of greater sentences. Applicant also alleges that counsel was aware that there were federal charges pending against Applicant at the time of these state charges, but that counsel failed to advise Applicant of this fact, and failed to advise him of the consequences that these pleas would have in Applicant's federal case.[2]

The Texas Court of Criminal Appeals denied Acosta's multiple state writ applications on February 1, 2012, without a written order on the trial court's findings with a hearing.[3]

On January 25, 2012, Acosta pleaded guilty in the Western District of Texas, El Paso Division, in cause number EP-10-CR-3058-PRM-5, to conspiracy to possess with the intent to distribute methamphetamine and felon in possession of a firearm. The Magistrate Judge referred the case to a probation officer for a presentence investigation report. The probation officer noted the sentencing guideline for the drug offense called:

> for a base offense level of 24 because the Defendant committed the instant offense subsequent to sustaining at least two prior felony

---

[1] Pet'r's Pet., Ex. E, p. 4 (Findings of Fact and Conclusions of law), ECF No. 1, Aug. 4, 2015.

[2] Order, *Ex parte Acosta*, WR-76,482-01, WR-76,482-02, WR-76,482-03, and WR-76,482-04 (Tex. Crim. App. entered Oct. 12, 2011).

[3] Action Taken, *Ex parte Acosta*, WR-76,482-01, WR-76,482-02, WR-76,482-03, and WR-76,482-04 (Tex. Crim. App. Feb. 1, 2012).

> convictions of either a crime of violence or a controlled substance offense: Delivery of Marijuana Over 50 Pounds, Under 2,000 Pounds, under Dkt. No. 20090D05731 (controlled substance offense-paragraph 88) and Burglary of a Habitation, under Dkt. No. 20100D03951 (crime of violence-paragraph 89).[4]

Acosta's trial counsel objected to the use of the burglary of a habitation conviction for career offender purposes because it occurred after the commission of the offenses charged in the indictment.[5] The Court sustained the objection and sentenced Acosta below the sentencing guidelines range to an aggregate sentence of 144 months' imprisonment, to "be served concurrently with the sentences imposed in Cause Numbers 20100D03951, 20060D01825, and 20100D00927 out of the El Paso Criminal District Court #1."[6]

In his instant petition, constructively filed on July 8, 2015,[7] Acosta claims he is actually innocent of the burglary of a habitation charge in cause number 20100D03951 because the "burglarized habitat was ... also [his] residence."[8] He adds he is actually innocent of the assault with family violence charge in cause number 20100D00927 because Jessica Rojas, "the complaining party [was] arrested a year before [his] arraignment ... and plead [sic] 3 days before [his] guilty pleading ... for having filed a false report to a peace officer in regards to the assault

---

[4] Presentence Investigation Report ¶ 68, ECF No. 542, Apr. 4, 2012, *United States v. Acosta*, EP-10-CR-3058-PRM-5.

[5] Def.'s Am. Mot. Correct Sentence, ECF No. 573, Nov. 26, 2012, *United States v. Acosta*, EP-10-CR-3058-PRM-5.

[6] Second Am. J., ECF No. 581, Dec. 17, 2012, *United States v. Acosta*, EP-10-CR-3058-PRM-5.

[7] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a pro-se prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[8] Pet'r's Pet. 7, ECF No. 1, Aug. 4, 2015.

family violence."[9] Acosta also maintains his counsel provided constitutionally ineffective assistance when he failed to investigate the facts in the case, failed to file pre-trial motions to dismiss these charges, induced and coerced him into involuntarily entering a guilty plea, and improperly advised him about the consequences of his plea.

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[10] and the writ of habeas corpus is "an extraordinary remedy"[11] reserved for those petitioners whom "society has grievously wronged."[12] It "is designed to guard against extreme malfunctions in the state criminal justice system."[13] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[14] They must generally defer to state court decisions on the merits[15] and on procedural grounds.[16] They may not grant relief to correct errors of state constitutional, statutory,

---

[9] *Id.*; Ex. A (Findings of Fact Concerning Jessica Rojas's Arrest and Conviction); Ex. B (Jessica Rojas's Non-Prosecution Statements and Affidavits).

[10] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[11] *Id.*

[12] *Id.* at 634.

[13] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[14] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[15] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[16] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

or procedural law, unless a federal issue is also present.[17]

Furthermore, claims under § 2254 are generally subject to a one-year statute of limitations.[18] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[19] "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery."[20]

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass ... the... expiration of the statute of limitations."[21] However, "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[22]

---

[17] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[18] *See* 28 U.S.C. § 2244(d)(1) (2006) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[19] *Id.* §§ 2244(d)(1)(A)–(D).

[20] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[21] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).

[22] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Moreover, "in making an assessment 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."[23]

Further, the limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[24] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[25]

Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[26] It is justified only "'in rare and exceptional circumstances.'"[27] Such circumstances include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[28] Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[29] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[30] Furthermore, a petitioner has the burden of proving that he is entitled to equitable

---

[23] *Id.* (quoting *Schlup*, 513 U.S. at 332).

[24] 28 U.S.C. § 2244(d)(2).

[25] *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[26] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[27] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[28] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)).

[29] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[30] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

tolling.[31]  In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[32]  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[33]  The limitation and the tolling provisions of § 2244 "promote[ ] the exhaustion of state remedies while respecting the interest in the finality of state court judgments."[34]

With these principles in mind, the Court turns to Acosta's complaint.

## ANALYSIS

As an initial matter, Acosta does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[35]  Further, his claims do not concern a constitutional right recognized by the Supreme Court after his conviction and made retroactively applicable to cases on collateral review.[36]  Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[37]  Thus, it appears that Acosta's

---

[31] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[32] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[33] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[34] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)).

[35] 28 U.S.C. § 2244(d)(1)(B).

[36] *Id.* § 2244(d)(1)(C).

[37] *Id.* § 2244(d)(1)(D).

limitations period began to run when his judgment of conviction became final.[38]

On September 16, 2010, Acosta pleaded guilty and true to burglary of a habitation in cause number 20100D03951; delivery of a simulated controlled substance in cause number 20100D05731; a violation of conditions of his community supervision by possessing marijuana in cause number 20060D01825; and assault with family violence in cause number 20100D00927. Because he did not file a notice of appeal, his convictions became final thirty days later.[39] Since this date fell on a Saturday, Acosta had until Monday, October 18, 2010, to file a notice of appeal.[40] Absent periods of statutory tolling, the limitations period for him to file a § 2254 petition expired one year later, on Tuesday, October 18, 2011.[41]

"The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not count toward any period of limitation under this subsection."[42] Assuming Acosta started filing his state writ applications on or before October 18, 2011, and tolled the limitations until the Texas Court of Criminal Appeals denied them on February 1, 2012, he had until February 1, 2013, to file a federal petition. Acosta signed and presumably placed his federal petition in the prison mail system on July 8, 2015. It is, therefore, over two years and five months too late.[43] It must be denied unless equitable tolling or another

---

[38] *Id.* § 2244(d)(1)(A).

[39] Tex. R. App. P. 26.2(a).

[40] Tex. R. App. P. 4.1(a); 26.2(a).

[41] *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in 28 U.S.C. §2244(d)).

[42] 28 U.S.C. § 2244(d)(2).

[43] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*,

excuse for the delay applies.

A petitioner seeking equitable tolling of an untimely habeas petition bears the burden of establishing both "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[44] Acosta asserts he has "been diligently trying to gather the necessary evidence ... that my defense counsel failed to gather."[45] The Court notes that Acosta submitted a well-documented petition for a writ of error *corum nobis* in the Texas Court of Criminal Appeals on September 22, 2014, which raised the same issues.[46] The Court of Criminal Appeals advised Acosta on December 9, 2014, that it would not act on his petition.[47] Acosta then waited over seven months, or until July 8, 2015, to sign and presumably mail his federal petition to the Court.[48] This delay suggests Acosta did not diligently pursue his claims. Additionally, nothing in the record suggests the State misled Acosta about any filing deadlines. Acosta's case does not appear to present the type of extraordinary circumstances required for equitable tolling.[49]

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass ...

---

149 F.3d 374, 376 (5th Cir. 1998)).

[44] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[45] Pet'r's Pet 14, ECF No. 1, August 4, 2015.

[46] Pet'r's Pet. Writ of Error *Coram Nobis*, *Ex parte Acosta*, WR-76,482-05 (Tex. Crim. App. filed Sept. 22, 2014).

[47] Court of Criminal Appeals letter, *Ex parte Acosta*, WR-76,482-05 (Tex. Crim. App. dated Dec. 9, 2014).

[48] Pet'r's Pet. 15.

[49] *Howland v. Quarterman*, 507 F.3d 840, 845–46 (5th Cir. 2007).

the ... expiration of the statute of limitations."[50] However, "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the *new* evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[51] Moreover, "in making an assessment 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."[52] All the evidence presented by Acosta in his petition could have been gathered before his plea hearing in the state court and is not new. In fact, Acosta concedes Jessica Rojas, "the complaining party [was] arrested a year *before* [his] arraignment ... and plead [sic] 3 days *before* [his] guilty pleading ... for having filed a false report to a peace officer in regards to the assault family violence."[53]

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[54] However, a district court may not dismiss a petition as untimely on its own initiative unless it gives fair notice and an opportunity to respond to the petitioner.[55] Accordingly, the Court ordered Acosta to show cause as to why it should not dismiss

---

[50] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).

[51] *Id.* (emphasis added) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[52] *Id.* (quoting *Schlup*, 513 U.S. at 332).

[53] Pet'r's Pet. 7 (emphasis added); Ex. A (Findings of Fact Concerning Jessica Rojas's Arrest and Conviction); Ex. B (Jessica Rojas's Non-Prosecution Statements and Affidavits).

[54] *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

[55] *Day v. McDonough*, 547 U.S. 198, 210 (2006).

his instant motion as time barred.[56]

In his response to the order to show cause, Acosta once again relies on Jessica Rojas's recanted statement as the gateway through which he believes the Court should hear his claim on the merits. To meet this threshold, Acosta must show that it is more likely than not that "no reasonable juror" would have convicted him in light of new evidence of his actual innocence.[57] However, "'recanting affidavits and witnesses are viewed with extreme suspicion by the courts.'"[58] "'Even where a recantation of testimony is made by the principal witness, a trial court is entitled to disbelieve that later statement and accept the earlier testimony as true.'"[59] In this case, the state trial court found Acosta's "pleas of guilty and true were done with understanding of his rights and were voluntary. [He] was competent at the time of his pleas."[60] The state trial court's "findings of fact are … entitled to a presumption of correctness in this federal habeas proceeding."[61] Moreover, the Court of Criminal Appeals rejected Acosta's writ of error *corum nobis* which raised the same actual innocence claim.[62] In light of Acosta's guilty plea and the

---

[56] Order, Aug. 18, 2015, ECF No. 3.

[57] *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

[58] *May v. Collins*, 955 F.2d 299, 314 (5th Cir. 1992) (quoting *United States v. Adi*, 759 F.2d 404, 408 (5th Cir. 1985)).

[59] *Id.* (quoting *Banda v. State*, 727 S.W.2d 679, 682 (Tex. App.-Austin 1987, no writ) (citing *Williams v. State*, 375 S.W.2d 449, 452 (Tex.Cr.App.1964)).

[60] Pet'r's Pet., Ex. E (Findings of Fact and Conclusions of Law), p. 43, Aug. 4, 2015, ECF No. 1.

[61] *May*, 955 F.2d at 315.

[62] Pet'r's Pet. Writ of Error *Coram Nobis, Ex parte Acosta*, WR-76,482-05 (Tex. Crim. App. filed Sept. 22, 2014).

findings of the state courts, he is not able to meet his burden of showing that no reasonable juror would have convicted him by demonstrating the complaining witness later claimed she had made a false report.

Acosta also asserts "his subsequent pleadings were timely filed, and any delays ... were beyond his control."[63] He specifically claims "the State Attorney's office withheld the records that were used to prosecute Rojas for filing false reports.  This withholding was ... kept from ... defense counsel during a portion of time 'of *at least several months*.'"[64]  This delay of "at least several months" does not explain why Acosta filed his petition more than two years and five months after the limitations lapsed. [65]

Finally, the Court notes in its order to show cause that "it appears that Acosta may have already discharged the state sentences imposed by Criminal District Court No. 1 of El Paso County, Texas, for burglary of a habitation in cause number 201 00D0395 and assault with family violence in cause number 20100D00927."  Acosta does not dispute this assertion in his response. The federal habeas statute gives district courts the jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."[66]  A petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."[67]  Because Acosta is

---

[63] Pet'r's Resp., 2, Oct. 5, 2015, ECF No. 10-1.

[64] *Id.* at 15 (quotation in original) (emphasis added).

[65] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (explaining the party seeking equitable tolling has burden of showing entitlement to such tolling).

[66] 28 U.S.C. § 2241(c)(3) (2012) (emphasis added).

[67] *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (emphasis in original).

in custody based on his conviction for conspiracy to possess with the intent to distribute methamphetamine and felon in possession of a firearm in cause number EP-10-CR-3058-PRM-5, and not based on his convictions for burglary of a habitation in cause number 20100D0395 and assault with family violence in cause number 201 00D00927, the Court also finds it does not have the jurisdiction necessary to address his claims.

## CERTIFICATE OF APPEALABILITY

Although Acosta has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[68] A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[69] A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[70] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[71] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[72]

---

[68] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[69] 28 U.S.C. § 2253(c)(1)(B) (2012).

[70] 28 U.S.C. § 2253(c)(2).

[71] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[72] *Id.*, at 484.

Here, Acosta is not entitled to a certificate of appealability because reasonable jurists would not dispute the Court's procedural rulings.

## CONCLUSION AND ORDER

The Court concludes that Acosta's petition is time barred and that he is not entitled to equitable tolling. Moreover, the Court concludes his purported innocence does not serve as a gateway to avoid the expiration of the limitations period. In the alternative, the Court concludes that it lacks subject-matter jurisdiction to address his claims. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Acosta's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**, and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Acosta is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 28th day of June, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE